UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS LOPEZ JAIME,

        Petitioner,

                                    Case No. 1:26-cv-00628

v.

                                    HON. ROBERT J. JONKER

KEVIN RAYCRAFT, et al.,

        Defendants.

_____ /

## **ORDER FOR SUPPLEMENTAL BRIEFING**

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement. The parties' submissions create questions regarding the finality of Petitioner's removal proceedings, which directly affects the legal analysis of his current detention. Accordingly, the Court orders supplemental briefing to address the following issues.

Petitioner asserts in his complaint that he "has resided in the United States for (20) years." (ECF No. 1, PageID.25). But the government's response tells a different story—for over the last 30 years, Petitioner has been removed from the United States on multiple occasions after entering the United States without inspection at various times. (ECF No. 4-1). In the early 1990s Petitioner was removed twice for failing to appear at his removal proceedings. (ECF No. 4-2). On at least two subsequent occasions in 2011 and 2012, the Petitioner was again removed from the United States. Each time, immigration authorities removed Petitioner by simply reinstating his original removal orders. (ECF No. 4-1, PageID.84). Petitioner reentered the United States in 2023. (ECF No. 4-1). Once again, ICE detained Petitioner, who is now subject to removal proceedings. EOIR records indicate that very recently, on March 17, 2026, an Immigration Judge issued an order of

removal, which Petitioner may apparently appeal by April 17, 2026. *See Automated Case Information*, EOIR, https://acis.eoir.justice.gov/en/caseInformation. The Court could not locate the specific details of that removal order. Nothing from the website indicates whether the IJ simply reinstated Petitioner's original removal orders or entered a new order on independent grounds.

The Court finds that based on the current record, it is unclear whether Petitioner is detained subject to an administratively final removal order. If Petitioner's detention is subject to a final removal order, then 8 U.S.C. § 1231(a)(2)—rather than § 1225 or § 1226—would seem to apply. Initially, Petitioner's prior removal orders suggest that Petitioner's detention is subject to administratively final removal order. Immigration authorities ordered Petitioner removed in 1990 and 1992. And immigration authorities enforced those removal orders by reinstatement in 2011 and 2012. Nothing in the current record explains why those original removal orders do not continue to control Petitioner's situation. However, the information, or lack thereof, from the EOIR website regarding Petitioner's current removal order creates some uncertainty about the finality of Petitioner's removal. The record indicates that Petitioner may still appeal the IJ's order, which suggests that his removal is not yet administratively final. *See* § 1231(a)(1)(B)(i).

The Court needs clarification on this issue before conclusively deciding Petitioner's case. In the parties' original briefing, neither side addressed whether Petitioner's removal orders from the 1990s, which were enforced through reinstatement multiple times in the 2010s, are final removal orders such that Petitioner is being detained under § 1231(a)(2) rather than § 1225 or § 1226. The parties have 14 days from the date of this Order to submit supplemental briefing addressing that question and the other factual uncertainties noted by the Court.

**IT IS SO ORDERED.**

Dated:    March 20, 2026                              /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE